Alice G. AVRUTICK and Melvin Asencio, on behalf of each other and on behalf of all others similarly situated; namely, those persons newly arrived in New York State who are precluded from enrolling in the political party of their choice by the operation of Section 186 of New York's Election Law, Plaintiffs,

v.

Malcolm WILSON, Individually and as Governor of the State of New York, et al., Defendants.

No. 74 Civ. 1590.

United States District Court, S. D. New York.

Sept. 4, 1974.

Richard Hiller, New York City, Puerto Rican Legal Defense Fund, for plaintiffs.

A. Seth Greenwald, New York City, for Attorney General.

OPINION

OWEN, District Judge.

Melvin Asencio, a resident of Puerto Rico, moved to Bronx County, New York, on January 24, 1974. On March 15, 1974, he duly registered to vote, but was denied enrollment to vote in the September 1974 primary election by reason of the durational residence requirement of N.Y. Election Law § 186 (McKinney's Consol.Laws c. 17, 1964).[*] Asencio now moves for a declaration that as to him, N.Y. Election Law § 186 is unconstitutional.[**] This motion raises the question raised but not reached by the Supreme Court in Rosario v. Rockefeller, 410 U.S. 752 in footnote 9, page 759, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973).

§ 186 provides in essence that the last day to enroll to vote in a party primary is thirty days before the general election in the *preceding* year. Thus, absent special circumstances enumerated in N.Y. Election Law § 187 (McKinney 1964) and not applicable here, to vote in a party primary on September 10, 1974, a New York resident must have enrolled in that party before October 7, 1973.

---

[*] The action is moot as to Alice G. Avrutick, she having been registered under § 187.

[**] Asencio seeks declaratory relief in preference to injunctive relief, within the power of a single judge of this Court to grant. This is appropriate procedure, Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

985

The Court in *Rosario, supra,* observed that there was a "compelling state interest" in preventing voters affiliated with one party from voting in, that is "raiding", the primary of another party to improperly influence or determine the results of the other party's primary. The Court then held that as to the petitioners in that case, who were at all times New York residents and could have enrolled in conformity with § 186, the durational residence requirement was a "legitimate time limitation on their enrollment, which they chose to disregard." 410 U.S. at 762, 93 S.Ct. at 1252.

However, while it has thus been held appropriate to require a long-time New York resident to enroll eleven months before a primary to prevent a last minute, easily-accomplished switch to work mischief in another party's primary, in the case before me, the State of New York has not demonstrated and I do not find that the durational residence requirement is necessary to further that state interest, Dunn v. Blumstein, 405 U.S. 330 at 342–343, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972). In short, I see no substantial risk that a voter from another state or territory, will, at considerable effort, expense and personal dislocation, become a bona fide resident of New York for the purpose of "raiding" a primary. Consequently, I declare that as to Melvin Asencio, Election Law § 186 is unconstitutional. His application on March 15, 1974 to enroll to vote in the September primary, 179 days later, was timely. It was well beyond " . . . the 50-day registration period approach[ing] the outer constitutional limits in this area, . . ." Burns v. Fortson, 410 U.S. 686 at 687, 93 S.Ct. 1209 at 1210, 35 L.Ed.2d 633 (1973), and the 30 days deemed necessary by New York's Election Law § 187 for administrative processing, see Dunn v. Blumstein, *supra,* 405 U.S. at 347, 92 S. Ct. 995. Since this statute affects constitutional rights, a state must use the least drastic means necessary to achieve the legitimate goal. Shelton v. Tucker,

364 U.S. 479, 488, 81 S.Ct. 247, 5 L.Ed. 2d 231 (1960).

The plaintiff's demand for the declaration of a class is, however, denied. See Galvan v. Levine, 490 F.2d 1255, 1261–1262 (2d Cir. 1973).